■ In the Matter of JANEL E. and Another, Children Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent, v SAMUEL E., Appellant.—Order, Family Court, Bronx County (Marjory D. Fields, J.), entered July 6, 1990, which disqualified and removed respondent's attorneys, unanimously modified on the law, the facts and in the exercise of discretion to disqualify the specific counsel assigned to him by his plan, but not the remaining attorneys of the Legal Services Plan and otherwise affirmed, without costs.

In this child abuse proceeding, respondent-father was represented by his union's prepaid Legal Services Plan-Local 237. During a hearing, petitioner's witness, the children's mother, testified that she had been coerced by respondent's attorney to sign a statement exonerating respondent. The court then immediately *sua sponte,* disqualified the attorney and the Legal Services Plan pursuant to Code of Professional Responsibility DR 5-102.

DR 5-102 generally requires withdrawal of counsel when it appears that counsel ought to testify on a client's behalf regarding a disputed factual issue, or when it appears that counsel will be called as a witness for an adverse party and that testimony may be prejudicial to the client *(People v Paperno,* 54 NY2d 294). Whether counsel ought to testify does not depend solely on the fact that counsel has knowledge or was involved in the transaction, but whether the testimony is necessary *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 444). While it appears that counsel's testimony may be necessary to refute the allegations of coercion, there is no good reason why under DR 5-102 (A) the entire firm should be required to withdraw where, as here, a lawyer from the firm may appear as a witness. As disqualification of the entire prepaid legal services firm could leave respondent unable to afford other counsel, we modify accordingly. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.