■ PATRIOT KOSOVRASTI, Respondent, v EPIC (217) LLC, Defendant, TRIBBLES, LTD., Respondent, and COMPOUND CONTRACTING INC., Appellant. [948 NYS2d 260]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 1, 2011, which, insofar as appealed from as limited by the briefs, denied defendant Compound Contracting Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to dismiss the Labor Law § 241 (6) claim as against Compound, and otherwise affirmed, without costs.

Defendant Compound made a prima facie showing that it could not be held liable as a general contractor under Labor Law § 240 (1), § 241 (6) or § 200 by demonstrating that it had no authority, contractual or otherwise, to supervise, direct, or control the workers or activities at the work site (*see Temperino v DRA, Inc.*, 75 AD3d 543 [2010]; *Aversano v JWH Contr., LLC*, 37 AD3d 745 [2007]; *Filchuk v Lehrer McGovern Bovis Constr.*, 232 AD2d 329 [1996]). The proposal entered into by Compound and defendant Tribbles shows that Compound was responsible only for certain enumerated work, specifically states that Compound is "not liable for owner's contractors or suppliers,"

and excludes from the scope of Compound's services, inter alia, work by other trades and the filing of permits. Compound's principal testified that Tribbles was responsible for coordinating the work among all the involved contractors associated with the construction project.

In opposition, plaintiff and Tribbles raised a triable issue of fact as to Compound's role on the project. The work permits issued after the accident that list Compound as the general contractor are alone insufficient to establish general contractor status (see Huerta v Three Star Constr. Co., Inc., 56 AD3d 613 [2008], lv denied 12 NY3d 702 [2009]). However, Tribbles's vice-president testified that, before the work began, she and Compound agreed that Compound would be responsible for obtaining the necessary permits and that Compound was to "oversee the coordination" of the "involved trades" on the project. It is not entirely clear whether the referred-to permits and "involved trades" relate only to the work covered by the proposal between Compound and Tribbles or to all the work on the site. However, viewed in the light most favorable to the nonmovants, this testimony, coupled with the aforesaid work permits, raises a triable issue of fact whether Tribbles retained Compound to oversee the project.

The sole Industrial Code provision upon which plaintiff may rely (12 NYCRR 23-5.1 [b]) to support his Labor Law § 241 (6) claim is insufficiently specific to constitute a proper predicate since it is a subdivision of Industrial Code (12 NYCRR) § 23-5.1, "General Provisions for All Scaffolds" (see Greaves v Obayashi Corp., 55 AD3d 409 [2008], lv dismissed 12 NY3d 794 [2009]; but see O'Connor v Spencer [1997] Inv. Ltd. Partnership, 2 AD3d 513 [2003]). To the extent plaintiff seeks to rely upon 12 NYCRR 23-5.18 (g) and (h) to support the claim, we note that he improperly cited these provisions for the first time on appeal.

Compound failed to demonstrate that the Labor Law § 200 and common-law negligence claims should be dismissed as against it. There is no evidence that Compound controlled, supervised, or directed the manner or method of plaintiff's work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352-353 [1998]; Vasiliades v Lehrer McGovern & Bovis, 3 AD3d 400, 401-402 [2004]). Nor is there evidence that it had actual notice of the alleged uneven floor condition that caused the scaffold to rock. However, triable issues of fact exist as to whether Compound exercised general control over the work site and had constructive notice of the alleged uneven floor condition that caused plaintiff's fall (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 556 [2009]).

We have reviewed Compound's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.