This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 148
Utica Mutual Insurance Company
&c.,
            Appellant,
        v.
Style Management Associates
Corp., et al.,
            Respondents,
et al.,
            Defendants.


            Chris Christofides, for appellant.
            Tracy L. Frankel, for respondents.


MEMORANDUM:

        The order of the Appellate Division should be reversed, with costs, the motion of defendants Style Management Associates Corp., Style Management Corp. and Yosi Sason for summary judgment dismissing the complaint denied and the certified question

- 1 -

answered in the negative.

The issue on this appeal is whether defendants Style Management Associates Corp., Style Management Corp. and Yosi Sason (Style defendants or Style) are entitled to summary judgment as a matter of law.  Viewing the facts in the light most favorable to the nonmoving party, triable issues of fact exist as to the nature of the relationship between the moving defendants and the unlicensed contractor involved in the renovation project -- defendant Zak Baruch (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).  Therefore, we hold that the Style defendants are not entitled to summary judgment.

Specifically, Style's role in the home renovation project was allegedly more than the mere listing of Style's name on the building permit and the completion of some minor carpentry work, as Sason testified.  Baruch testified that he paid Style, a licensed contractor, to obtain the building permit to cover the entire renovation project, including the installation of wood floors -- the same work that experts determined caused the fires and resulting property damage.  According to Baruch, he and Style had engaged in similar arrangements on other projects.  The permit application, signed by the homeowner, identified Style as the contractor and included floor installation in the work to be performed.  In addition to Style being named on the permit application and permit, Style submitted its own certificate of liability insurance for the project, contractor's license, and

workers' compensation information.  Baruch further testified that Sason demanded (and received) additional funds because the job was bigger than Sason had anticipated.  According to Baruch, Sason threatened to withdraw the permit if Baruch did not supply the additional funds, requiring Baruch to discontinue the work.

The conflicting accounts of Baruch and Sason, and the documentary evidence submitted in conjunction with the building permit, raise triable issues of fact as to the relationship between the defendants, as well as Style's authority to control the project.  A trier of fact should be permitted to determine whether Baruch and Style/Sason were partners, a joint venture, or in an agency relationship such that the Style defendants would be liable for the damage that occurred as a result of the flooring work.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order reversed, with costs, motion of defendants Style Management Associates Corp., Style Management Corp. and Yosi Sason for summary judgment dismissing the complaint denied and certified question answered in the negative, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided October 27, 2016