■ Evelyn Oseguera, as Administratrix of the Estate of Edison Oseguera, Deceased, Respondent, v Lincoln Properties LLC, et al., Respondents, and Azimuth Development Group, LLC, Appellant, et al., Defendants. [48 NYS3d 141]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered May 9, 2016, which, inter alia, denied defendant Azimuth Development Group, LLC's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

Defendant Azimuth established prima facie that it could not be held liable for the decedent's injuries in common-law negligence or under Labor Law §§ 200, 240 (1), or 241 (6) by submitting evidence that it did not own the subject premises, was not the general contractor on the project, was not the agent of the owner or general contractor, and did not supervise or control the decedent's work (*see Kosovrasti v Epic [217] LLC*, 96 AD3d 695 [1st Dept 2012]; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613, 613 [2d Dept 2008], *lv denied* 12 NY3d 702 [2009]).

In opposition, plaintiff and defendants-respondents submitted evidence that raises an issue of fact whether Azimuth played a much greater role than it claims in coordinating and arranging for the work that resulted in the accident (*see Kosovrasti*, 96 AD3d at 696; *see also Utica Mut. Ins. Co. v Style Mgt. Assoc. Corp.*, 28 NY3d 1018 [2016]). At the very least, this evidence—an affidavit by defendant Abbas Yaghoubi,* a member of defendants Lincoln Properties LLC and 383 Morris LLC, in conjunction with certain documentary evidence—establishes that further discovery is warranted (*see* CPLR 3212 [f]). Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.

---

* The name is misspelled in the caption.