HSBC Bank USA, N.A. v Santos (2020 NY Slip Op 03976)





HSBC Bank USA, N.A. v Santos


2020 NY Slip Op 03976


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Renwick, J.P., Oing, Singh, Moulton, JJ.


11399 35755/15

[*1] HSBC Bank USA, N.A., Plaintiff-Respondent,
v
Jose M. Santos also known as Jose Santos, et al., Defendants. A & E R.E. Management Corp., Nonparty Appellant.


Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens (Matthew J. Routh of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford (Owen M. Robinson of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 30, 2019, which granted plaintiff's motion to disqualify the law firms of Anderson, Bowman & Zalewski, PLLC and Steven Zalewski & Associates, P.C. from representing either defendant Jose M. Santos a/k/a Jose Santos or defendant-appellant A & E R.E. Management Corp. in this mortgage foreclosure action, unanimously reversed, on the law, without costs, and the motion denied.
Defendant Jose M. Santos initially executed two mortgages and notes on the subject property in 2005. On January 9, 2007, Santos and plaintiff's predecessor in interest executed a new note in the amount of $485,000, and a consolidation, extension, and modification agreement which consolidated the existing mortgages.
On July 29, 2015, plaintiff commenced this foreclosure action, alleging that Santos failed to make the required payments on the debt commencing with the payment due on November 1, 2009. Santos, represented by Steven Zalewski & Associates, timely filed a verified answer.
On April 20, 2016, plaintiff moved for a default judgment against the nonanswering defendants and for summary judgment against Santos. Santos opposed, asserting that there was an issue of fact as to whether plaintiff was the holder or owner of the promissory note. Supreme Court granted the motion on November 29, 2016. On June 2, 2017, the court granted plaintiff's motion for a judgment of sale and foreclosure.
One week before the scheduled auction, A & E R.E. Management Corp. (A & E) brought an order show cause (OSC), inter alia, to stay the auction, dismiss the complaint, or in the alternative for permission to intervene. A & E claimed that it was the record owner of the subject property, and therefore a necessary party. It produced a deed that reflected that Santos transferred ownership of the property to A & E on February 28, 2014, before the commencement of this foreclosure proceeding. A & E did not mention that ACRIS, the City's online database for certain property records, also contains a purported rescission of that deed by Santos pursuant to Real Property Law § 265-a(8). This rescission was filed February 25, 2016.
A & E's counsel on the order to show cause was the law firm of Anderson, Bowman & Zalewski, PLLC (ABZ). This firm has substantial overlap in personnel with Steven Zalewski & Associates, P.C. (SZA), the firm that represents Santos. Screen shots of ABZ's website in the record indicate that Stephen Zalewski of SZA is a member of ABZ. No lawyer from ABZ or SZA has explained the relationship of the two firms in any of its written submissions.
A & E's initial OSC was denied when A & E failed to appear, but its subsequent OSC seeking the same relief was granted to the extent that Supreme Court vacated the order of [*2]reference and the judgment of foreclosure and sale and allowed A & E to intervene. Santos, but not A & E, filed a notice of appeal of this decision to the extent that Supreme Court's decision did not dismiss the foreclosure proceeding outright for failure to name A & E as a necessary party. This notice of appeal indicates that Santos is represented by ABZ, not by SZA. Again, appellant's counsel does not trouble itself to explain this discrepancy.[FN1]
In January 2018, plaintiff moved to disqualify both SZA and ABZ, on the ground that the two related firms had a conflict, as both Santos and A & E claimed to be the owner of the subject property. In opposition, defendants argued that plaintiff did not have standing to bring a motion to disqualify since it was undisputed that neither ABZ nor SZA had ever represented plaintiff. Defendants' papers were silent concerning the relationship between the two firms. The court granted the motion and disqualified both firms from representing either defendant. We now reverse.
DISCUSSION
The basis for a disqualification motion is the alleged breach of the fiduciary duty owed by an attorney to a current or former client (Rowley v Waterfront Airways, Inc., 113 AD2d 926, 927 [2d Dept 1985], citing Greene v Greene, 47 NY2d 447, 453 [1979]). When the law firm targeted by the disqualification motion has never represented the moving party, that firm owes no duty to that party. "[I]t follows that if there is no duty owed there can be no duty breached" (Rowley at 927; see Develop Don't Destroy Brooklyn v Empire State Dev. Corp., 31 AD3d 144, 150 [1st Dept 2006], lv denied 8 NY3d 802 [2007]). Since plaintiff never had an attorney-client relationship with either SZA or ABZ, plaintiff had no standing to bring a motion to disqualify (Rowley at 927).
To be sure, a court has the authority to act sua sponte to disqualify counsel if it finds a conflict of interest warranting disqualification (see Flushing Sav. Bank v FSB Props., 105 AD2d 829, 830—831 [2d Dept 1984]; see also Disla v City of New York, 142 AD3d 826, 828 [1st Dept 2016], lv dismissed 29 NY3d 980 [2017]; Commissioner of Social Servs. v Samuel E., 173 AD2d 413, 413 [1st Dept 1991]). However, the record before us does not support disqualification. The two defendants present a united front to plaintiff at this juncture. Their answers raise virtually the same affirmative defenses and counterclaims to the complaint, and the defenses and counterclaims of one defendant do not undermine the position of the other (cf. Roddy v Nederlander Producing Co. of Am., Inc., 96 AD3d 509 [1st Dept 2012] [in personal injury action where two defendants have competing interests in minimizing their proportional share of damages, disqualification of counsel representing both defendants is warranted]). If defendants' interests do come to diverge in this
litigation then counsel of course has a duty to ensure compliance with rule 1.7 of the New York Rules of Professional Conduct (22 NYCRR 1200.0).[FN2]
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK



Footnotes

Footnote 1:The confusion concerning defendants' counsel persists in this appeal. The cover page of Appellant's Appellate Brief identifies appellant's counsel as Shiryak, Bowman, Anderson, Gill & Kadochnickov, LLP. The signature line of this brief identifies appellant's counsel as ABZ.

Footnote 2:We take judicial notice of the most recent filing on ACRIS concerning the subject property, which seems to indicate that plaintiff assigned its interests in the mortgage and note on July 7, 2017, to a nonparty, MTGLQ Investors. This assignment is not mentioned in the parties' papers. While we take judicial notice of this filing we assign no dispositive weight to it on appeal, as its effect on the litigation is not clear. Given this lack of clarity, the parties should be heard below concerning the relevance, if any, of this apparent assignment (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 127 [2d Dept 2018]).