Alberto v DiSano Demolition Co., Inc. (2021 NY Slip Op 03276)





Alberto v DiSano Demolition Co., Inc.


2021 NY Slip Op 03276


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 304164/15 Appeal No. 13675 Case No. 2020-03708 

[*1]Reyes Alberto et al., Plaintiffs-Appellants-Respondents,
v
DiSano Demolition Co., Inc., et al., Defendants-Respondents, Nick Sota, Also Known as Niko Sota, et al., Defendants-Respondents-Appellants.


Law Office of Robert F. Danzi, Jericho (Christine Coscia of counsel), for appellants-respondents.
Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for DiSano Demolition Co., Inc. and Anna Maria Oppedisano, respondents.
Marshall Dennehey Warner Coleman & Goggin, New York (Richard Imbrogno of counsel), for Niko's Construction, Inc., respondent.
Rankin Savidge, PLLC, Mineola (Carolyn S. Rankin of counsel), for Nick Sota and Manuela Sota, respondents-appellants.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about February 19, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability under Labor Law §§ 240(1) and 241(6), granted defendants DiSano Demolition Co., Inc. (DiSano) and Anna Maria Oppedisano's (the DiSano defendants) cross motion for summary judgment dismissing the complaint as against them, and denied Nick Sota a/k/a Niko Sota (Niko) and Manuela Sota's (the Sota defendants) cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny the DiSano defendants' motion as to the Labor Law § 240(1) claim as against DiSano, to grant, upon a search of the record, defendant Niko's Construction's motion for summary judgment dismissing the Labor Law § 241(6) claim as against it, and to grant the Sota defendants' motion as to the Labor Law §§ 240(1) and 241(6) claims against Manuela and the Labor Law § 241(6) claim as against Niko, and otherwise affirmed, without costs.
The Labor Law § 241(6) claim should be dismissed as against all defendants. The Industrial Code provisions relied upon are either insufficiently concrete or insufficiently specific to support a Labor Law § 241(6) claim (see 12 NYCRR 23-5.1[b], [f]; Kosovrasti v Epic [217] LLC, 96 AD3d 695, 696 [1st Dept 2012]; Schiulaz v Arnell Constr. Corp., 261 AD2d 247, 248 [1st Dept 1999]), or are inapplicable (see 12 NYCRR 23-5.3[g]). The claimed violations of OSHA and SSFI (Scaffolding, Shoring & Forming Institute, Inc.) standards and the 2008 New York City Building Code do not provide a basis for liability under Labor Law § 241(6) (Garcia v 225 E. 57th St. Owners, Inc., 96 AD3d 88, 91 [1st Dept 2012] ["to establish liability under this provision, a plaintiff 'must specifically plead and prove the violation of an applicable Industrial Code regulation'"][internal citation omitted]; Miller v Savarino Constr. Corp., 103 AD3d 1137, 1140 [4th Dept 2013]).
In addition, the complaint was correctly dismissed as against Oppedisano because it is undisputed that she was an officer of DiSano and there is no evidence in the record to support piercing the corporate veil.
The Labor Law § 240(1) claim may not be dismissed summarily as against DiSano, because issues of fact exist as to whether DiSano was the general contractor on the project. Although work permits are not alone sufficient to establish general contractor status, they are not the only evidence relied upon (see Utica Mut. Ins. Co. v Style Mgt. Assoc. Corp., 28 NY3d 1018 [2016]; Kosovrasti, 96 AD3d at 695-96). However, the Labor Law § 200 and common-law negligence claims were correctly dismissed as against DiSano because, even if it was the general contractor, there is no evidence that it exercised supervisory control over the injury-producing work (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; DaSilva v Haks Engrs., Architects & Land [*2]Surveyors, P.C., 125 AD3d 480, 481-482 [1st Dept 2015]).
Manuela's lack of supervisory authority exempts her from liability under the homeowner exemptions in Labor Law §§ 240(1) and 241(6). However, Manuela is not entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims. We find that this case involves both means and methods and dangerous condition theories of liability. Although Manuela has established that she is not liable under a means and methods theory of liability, she has failed to make a prima facie showing under a dangerous condition theory of liability as she has not demonstrated that she did not have actual or constructive notice of a dangerous condition at the premises.
The Labor Law §§ 200, 240(1), and common-law negligence claims may not be dismissed summarily against Niko and, upon a search of the record, his business, Niko's Construction. Issues of fact exist as to whether either of these parties was the general contractor on the project, exercised supervisory control over the work and whether it was Niko's Construction workers who created the alleged dangerous condition by digging near the scaffold.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021