**1101-43 Ave Acquisition LLC v Sonder Hospitality USA Inc.**

2024 NY Slip Op 30383(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 653840/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

1101-43 AVE ACQUISITION LLC,

Plaintiff,

- v -

SONDER HOSPITALITY USA INC., SONDER HOLDINGS
INC., SONDER USA, INC., and SONDER CANADA INC.,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653840/2020 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177[1]

were read on this motion to/for _____ DISQUALIFY COUNSEL _____.

In motion sequence number 005, plaintiff moves, pursuant to Rule 1.9 of the

Rules of Professional Conduct (22 NYCRR 1200.0), to disqualify Sher Tremonte LLP

(Sher) from representing defendants in this action[2] on the ground that Sher previously

represented plaintiff's principals Abraham Merchant and Richard Cohn, plaintiff's

affiliate Merchants Hospitality Inc. (MHI),[3] and MHI's affiliates in several interrelated

actions that involved the facts and issues relevant here (MHI actions[4]). Specifically,

Cohn and Merchant retained Sher on behalf of themselves, MHI and MHI's affiliates to

---

[1] The court has read, and where appropriate considered additional documents mentioned in the parties' papers, but omitted in this autogenerated caption.

[2] Sher was substituted as attorneys for defendants in April 2023. (NYSCEF Doc. No. [NYSCEF] 141, Consent to Substitution of Counsel)

[3] Cohn is a 50% owner and general counsel of MHI. (NYSCEF 149, Cohn aff ¶ 1.)

[4] The MHI actions are: (i) *Merchants Hospitality, Inc. v Fruhling*, Index No. 653606/2020, (ii) *Award Holdings LLC v Hochfelder*, Index. No. 653607/2020, (iii) *US Partners, LLC v Povol*, Index. No. 608682/2020, (iv) *US Partners, LLC v Fruhling*, Index. No. 654137/2020, and (v) *Merchants Hospitality, Inc. v Hochfelder*, Index. No. 655048/2020. (NYSCEF 149, Cohn aff ¶ 13.)

**653840/2020  1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.**          **Page 1 of 6**
**Motion No. 005**

resolve a dispute regarding the purported ownership in various MHI-affiliated entities, including the Z Hotel, which resulted in the commencement of the MHI actions. (NYSCEF 149, Cohn aff ¶¶ 6, 9-10, 13; *see also* NYSCEF 150, Retainer Agreement.) In this action, plaintiff alleges, that defendants breached a commercial lease for space in the Z Hotel, which plaintiff ultimately surrendered to its lender. (NYSCEF 75, Amended Complaint ¶¶ 43-44.)

> "A movant seeking disqualification of an opponent's counsel faces a heavy burden. A party has a right to be represented by counsel of its choice, and any restrictions on that right must be carefully scrutinized. Courts should also examine whether a motion to disqualify, made in ongoing litigation, is made for tactical purposes, so as to delay litigation and deprive an opponent of quality representation. The decision whether to grant a motion to disqualify rests in the discretion of the motion court."

(*Skanska USA Bldg. Inc. v Atl. Yards B2 Owner, LLC*, 146 AD3d 1, 13 [1st Dept 2016] [internal quotation marks and citations omitted].) On motion to disqualify counsel pursuant to Rule 1.9(a), "the moving party must prove ... the existence of a prior attorney-client relationship between itself and opposing counsel." (*Campbell v McKeon*, 75 AD3d 479, 480 [1st Dept 2010] [citation omitted].) "[A]n attorney-client relationship is established where there is an explicit undertaking to perform a specific task. While the existence of the relationship is not dependent upon the payment of a fee or an explicit agreement, a party cannot create the relationship based on his or her own beliefs or actions." (*Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 99 [1st Dept 2008] [internal quotation marks and citations omitted].) A party does not have standing to bring a disqualification motion if it did not have an attorney-client relationship with the law firm it seeks to disqualify. (*HSBC Bank USA, N.A. v Santos*, 185 AD3d 475, 477 [1st Dept 2020].)

**653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.**
**Motion No.  005**

**Page 2 of 6**

In support of its motion, plaintiff submits the Sher Engagement Agreement, which states in relevant part, "you have chosen Sher Tremonte LLP (the 'Firm') to represent you - Richard Cohn, Abraham Merchant, Merchants Hospitality, Inc., US Partners LLC, and certain other affiliated entities (collectively, 'you') - in connection with your dispute with Adam Hochfelder, the Mailman Trust, Awards Holdings LLC, Mailman Holdings LLC, and certain other affiliated entities." (NYSCEF 150, Sher Engagement Agreement at 1.) However, plaintiff fails to present any evidence that it, in fact, had an attorney-client relationship with Sher. In his affirmation, Cohn avers that he and Merchant retained Sher "on behalf of ourselves individually, as well as on behalf of MHI and other affiliated entities." (NYSCEF 149, Cohn aff ¶ 6.) Cohn never states that Sher was ever retained on plaintiff's behalf; in fact, he repeatedly omits plaintiff when discussing the representation. (*Id.* ¶¶ 2 ["representation of MHI and other entities affiliated with MHI", 5 [Sher "previously represented the MHI Parties"], 6 ["my partner Abraham Merchant ('Merchant') and I retained Sher Tremonte on behalf of ourselves individually, as well as on behalf of MHI and other affiliated entities ('MHI Parties')"], 9 ["ultimately the MHI Parties retained Sher Tremonte"].) This leaves the court with only the conclusory and unsupported statement in plaintiff's reply brief that "certain other affiliated entities" included plaintiff.

Plaintiff asserts that the absence of a waiver of the representation of any other entity not named or a definition of client expressly excluding plaintiff in the Sher Engagement Agreement clearly evidences that plaintiff is among the "certain other affiliated entities." The court finds this argument without merit.

**653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.**          **Page 3 of 6**
**Motion No.  005**

3 of 6

[* 3]

Justin Sher, Esq.[5] explains that

"[a]t the time the engagement letter was executed, Sher Tremonte had not completed its investigation of the facts and was not yet certain which entities would need to be parties to any actions arising from the dispute with the Hochfelder Parties. For this reason, the engagement letter allowed Sher Tremonte to represent 'certain other affiliated entities' that had not yet been named. However, the Plaintiff, 1101-43 Ave Acquisition LLC, was not such an entity and was never represented by Sher Tremonte."

(NYSCEF 162, Sher aff ¶ 8"].)  Plaintiff fails to rebut or address this assertion.  Further, the court takes judicial notice that plaintiff was not a party to any of the MHI actions in which Sher represented MHI and certain other nonparties (*Matter of Allen v Strough*, 301 AD2d 11, 18 [2d Dept 2002].)

Plaintiff also argues that confidential information shared with Sher about the interrelated companies necessarily revealed confidential information about all of them, including plaintiff.  Specifically, Cohn avers that he "shared detailed confidential financial information, corporate formation documents including organizational structure and member information for the various MHI Parties, tax returns for various MHI entities, as well as detailed factual and background memoranda that I prepared as counsel to MHI specifically to assist Sher Tremonte in its drafting" as well as "financial summaries, balance sheets, and income statements for the MHI Parties and other affiliated entities, including for the Plaintiff."   (NYSCEF 149, Cohn aff ¶¶ 28-29.)  However, plaintiff fails to explain how sharing such information created an attorney-client relationship between plaintiff and Sher.[6]  Nevertheless, plaintiff fails to identify "how any such information

---

[5] Justin Sher is defendants' counsel and an attorney at Sher.  (NYSCEF 162, Sher aff ¶ 1.)

[6] In its reply, plaintiff argues for the first time that it should be considered Sher's client for disqualification purposes because (i) plaintiff is affiliated with MHI, which Sher

653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.   Page 4 of 6
Motion No.  005

4 of 6

[* 4]

would not be discoverable in this action," deeming it not confidential. (*Matter of Segal v Five Star Elec. Corp.*, 165 AD3d 613, 613 [1st Dept 2018].)

Finally, the court permitted the parties post-argument submissions comprising of an email exchange between Cohn and Sher.[7] On August 16, 2020, Cohn emailed Sher that plaintiff was "looking for a . . . firm to represent us in either workout or prosecution of our lender liability claims." Sher's August 19, 2020 responsive email includes a preliminary assessment of plaintiff's potential claims against the lender. However, plaintiff provides no evidence that Sher explicitly undertook to perform a specific task on behalf of plaintiff, as is required to create an attorney-client relationship. (*Pellegrino*, 49 AD3d at 99.) To the contrary, in his August 19, 2020 email, Justin Sher not only stated that he is "confident [Sher is] the right firm for this," but also offered names of two alternative counsel "who are highly qualified to guide [plaintiff] through this." Sher's response did not create an attorney-client relationship; it was a pitch to hire his firm.[8]

Accordingly, it is

ORDERED that plaintiff's motion to disqualify Sher Tremonte LLP is denied; and it is further

---

represented, and (ii) plaintiff and MHI are managed and indirectly owned by Cohn and Merchant, whom Sher also represented. Arguments raised for the first time in a reply brief will not be considered. (*Givoldi, Inc. v UPS*, 286 AD2d 220 [1st Dept 2001].)

[7] The parties are directed to e-file a copy of the emails.

[8] Although a perspective client may, under certain circumstances, obtain disqualification of an attorney with whom it consulted pursuant to Rule 1.18 (c) of the Rules of Professional Conduct (*see Mayers v Stone Castle Partners, LLC*, 126 AD3d 1, 7 [1st Dept 2015]), the present motion is brough solely pursuant to Rule 1.9 of the Rules of Professional Conduct. (*See* NYSCEF 159, OSC at 2 [mot. seq. no. 005]; NYSCEF 158, Plaintiff MOL.) Accordingly, the court will not consider whether disqualification pursuant to Rule 1.18 (c) of the Rules of Professional Conduct is warranted.

[* 5]

ORDERED that stay of discovery imposed pursuant to the May 23, 2023 Order to Show Cause is lifted. The parties shall submit a discovery schedule setting deadlines for expert depositions and the note of issue.

2021020193804AMASLEYEF0927189D4E4D379FCE73076A2FC15C

2/1/2024
DATE

ANDREA MASLEY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

653840/2020   1101-43 AVE ACQUISITION LLC vs. SONDER HOSPITALITY USA INC.        Page 6 of 6
Motion No.  005

6 of 6

[* 6]