Matter of David E. (2024 NY Slip Op 04438)

Matter of David E.

2024 NY Slip Op 04438

Decided on September 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 12, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Index No. 500012/23, 500013/23 Appeal No. 2007-2008 Case No. 2023-05330, 2023-05331 

[*1]In the Matter of the Application of David E., Petitioner-Respondent, Pursuant to Article 81 of the Mental Hygiene Law of the Appointment of a Guardian of the Person and Property of Michael E., An Alleged Incapacitated Person.
In the Matter of the Application of David E., Petitioner-Respondent, Pursuant to Article 81 of the Mental Hygiene Law of the Appointment of a Guardian of the Person and Property of Florence E., An Alleged Incapacitated Person. Susan E., et al., Cross-Petitioners-Appellants.

Goetz Fitzpatrick LLP, New York (Alison Arden Besunder of counsel), for appellants.
John W. McConnell, Remsenburg and Burner Prudenti Law, P.C., East Setauket (Nancy Burner of counsel), for David E., respondent.
Phillips Nizer LLP, New York (Elizabeth Adinolfi of counsel), for Michael E., respondent.
Van Leer Greenberg, New York, for Florence E., respondent.

Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered on or about October 24, 2023, which denied the motion of cross-petitioners Ronald E. and Susan E., and respondent Marc E. (respondent) for an order dismissing objections to the continued representation of them by Goetz Fitzpatrick LLP, its members and attorneys, including Alison A. Besunder, Esq. (collectively, GF), and granted Florence E.'s motion to disqualify GF from serving as legal counsel to any party or witness, including cross-petitioners and respondent, in the guardianship proceedings of Michael E. and Florence E., unanimously affirmed, without costs.
To the extent that the appeal was not rendered moot by the appellants' retention of Wiggin and Dana LLP as successor counsel during the pendency of the appeal, we affirm.
Disqualification of an attorney rests within the sound discretion of the court (see Flores v Willard J. Price Assoc., LLC, 20 AD3d 343, 344 [1st Dept 2005]; Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728, 728 [2d Dept 2003]). Here, the guardianship court properly exercised its discretion in disqualifying GF following a limited hearing.
The alleged incapacitated persons (AIPs) were represented by their longtime estate planning counsel in the April 2022 resignation of Michael E. as trustee for certain of their grandchildren's trusts and ratification of the designation of two of their children, Susan E. and Ronald E., as successor trustees that resulted in the decanting of numerous trusts in December 2022. However, that attorney and the attorneys representing the cross-petitioners and respondent in this matter worked so closely together that the line between them was blurred. The court evaluator's investigation revealed that confidential estate planning information was shared with cross-petitioners' counsel and that GF drafted Designations and Resignations of Trustees signed by the AIPs. On May 30, 2023, after a scrivener's error was detected in the papers months after the AIPs signed, a GF attorney endeavored to meet with the AIPs at their home, alone, to deliver corrected resignation documents and possibly have them re-executed. Although the meeting did not take place, as upon arrival to the AIPs' home the GF attorney was informed that the AIPs were not available, the fact that a GF attorney planned to meet with the AIPs without their counsel present favors disqualification. Significantly, the guardianship proceedings were commenced approximately one day later.
In addition, on May 15 and July 13, 2023, a GF attorney signed and filed two stipulations to extend time to answer as "Attorneys for Defendant" in a Supreme Court action commenced on May 3, 2023, in which Michael E. was named as a defendant in his capacity as trustee for one of the trusts (since voluntarily discontinued on July 27, 2023, after the commencement of these guardianship proceedings). At the time the stipulations were signed, Michael E., though perhaps incorrectly [*2]named as he was no longer trustee of that trust, was the only specifically identified defendant named in the case.
While the existence of a clear attorney-client relationship was not established between the AIPs and counsel for the cross-petitioners and respondent (see HSBC Bank USA, N.A. v Santos, 185 AD3d 475, 477 [1st Dept 2020]), Supreme Court correctly found disqualification appropriate under rule 3.7 (a) of the Rules of Professional Conduct. Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 (a) provides that an attorney may not act as an advocate in a matter where they are "likely to be a witness on a significant issue of fact" unless "the testimony relates solely to an uncontested issue," "disqualification of the lawyer would work substantial hardship to the client," "the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony," or "the testimony is authorized by the tribunal." Under rule 3.7(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), an attorney also may not act as an advocate before a tribunal if another attorney "in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client" or "the lawyer is precluded from doing so by rule 1.7 or rule 1.9."
At issue in these contested guardianship proceedings is whether the AIPs require guardians for the management of their property and personal needs, and if so, who should serve as the guardians and what powers should be conveyed. As noted by the trial court, petitioner (a grandchild of the AIPs) alleges, among other things, exploitation of the AIPs by the AIPs' children. Cross-petitioners seek dismissal of the petitions, arguing that the AIPs have "available resources" under Mental Hygiene Law § 81.03(e) such that no guardian is needed, but that in the event the court determines otherwise, Ronald E. and Susan E. should be appointed as co-guardians.
The trusts in this matter hold interests in a number of limited liability companies controlling numerous real estate holdings. Given the proximity in time of the signing of the change of the trustee designations and subsequent decanting to the filing of these guardianship proceedings, it is likely that the GF attorneys identified by Florence E. will provide testimony on a number of issues. These issues include the circumstances surrounding the changes to the trusts and the execution of the resignation documents, the capacity of the AIPs at the time of the signing, and whether there was an exercise of undue influence on the part of any of the successor trustees in the resignations that removed the AIPs' control as trustees and the subsequent decanting. Under the unique circumstances of this case, disqualification pursuant to rule 3.7 of the Rules of Professional Conduct is appropriate.
We have considered [*3]cross-petitioners and respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 12, 2024