Juman v Cape Church Assoc., LLC (2025 NY Slip Op 00273)

Juman v Cape Church Assoc., LLC

2025 NY Slip Op 00273

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 153080/23, 595618/23 Appeal No. 3506 Case No. 2024-04462 

[*1]Eujames Juman, Plaintiff-Respondent,
v
Cape Church Associates, LLC, et al., Defendants, 30 Warren Street, LLC, Defendant-Appellant, Inter Connection Electric, Inc., Defendant-Respondent. [And a Third-Party Action] 

Gallagher Law PLLC, New York (Brian K. Gallagher of counsel), for Eujames Juman, appellant.
Law Offices of Michael S. Lamonsoff, PLLC, New York (Jason Lesnevec of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered June 18, 2024, which, to the extent appealed from as limited by the briefs, denied as premature defendant 30 Warren Street, LLC's cross-motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously reversed, on the law, without costs, and the cross-motion granted. The Clerk is directed to enter judgment accordingly.
30 Warren established its prima facie entitlement to summary judgment dismissing the action as against it by submitting evidence that on the date of plaintiff's accident, it did not own any part of the premises where the accident occurred (see Oseguera v Lincoln Props. LLC, 147 AD3d 704, 704 [1st Dept 2017]). Despite plaintiff's position otherwise, the affidavit of 30 Warren's sole member, in which he states that 30 Warren purchased a single apartment in the premises three months after plaintiff's accident, is not conclusory. On the contrary, the affidavit was supported by a copy of the deed corroborating the date of the purchase. Plaintiff's argument that the deed was inadmissible to support 30 Warren's prima facie showing because it was uncertified is improperly raised for the first time on appeal, and we decline to review it (see Charest v K Mart of NY Holdings, Inc., 71 AD3d 471, 471 [1st Dept 2010]). In any event, the copy of the deed that 30 Warren relied on was downloaded from the Automated City Register Information System (ACRIS), and this Court may take judicial notice of ACRIS records (see HSBC Bank USA, N.A. v Santos, 185 AD3d 475, 478 n 2 [1st Dept 2020]).
In their separate oppositions to the cross-motion, plaintiff and defendant Inter Connection Electric, Inc. failed to establish that facts essential to justify opposition may have existed but could not then be stated, and therefore, they failed to establish that 30 Warren's cross-motion was premature (CPLR 3212[f]). Although 30 Warren had not yet been deposed when it cross-moved for summary judgment, neither plaintiff nor Inter Connection showed that the proof they needed to oppose 30 Warren's cross-motion was in 30 Warren's exclusive knowledge or control (see Guzman-Saquisili v Harlem Urban Dev. Corp., 231 AD3d 685, 685 [1st Dept 2024]).
30 Warren demonstrated that information regarding ownership of the premises at the time of plaintiff's accident was obtainable not only from records publicly available on ACRIS, but also from defendant Cape Church Associates, LLC, which conceded ownership both in its answer to the complaint and in an email from its attorney. In addition, in response to a notice to admit served by 30 Warren, Cape Church admitted that it owned the premises; the responses to the notice to admit are filed on New York State Courts Electronic Filing (NYSCEF) system, of which this Court also may take judicial notice (NYSCEF Doc. No. 155; see Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]). Plaintiff and Inter [*2]Connection offered nothing beyond "mere hope or conjecture" that further discovery from 30 Warren might reveal that it had some role with the property (Guzman-Saquisili, 231 AD3d at 685), and they have made no showing that they tried to discover facts at variance with 30 Warren's proof (compare Rivera v Matiz Architecture, PLLC, 217 AD3d 552 [1st Dept 2023] with Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025