Rossi v Doka USA, Ltd. (2025 NY Slip Op 00928)

Rossi v Doka USA, Ltd.

2025 NY Slip Op 00928

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 156072/13, 590168/14 Appeal No. 3723-3724 Case No. 2024-00855, 2024-00856 

[*1]Domenick Rossi, Plaintiff-Respondent,
v
Doka USA, Ltd., Defendant-Appellant, World Trade Center Properties, LLC., et al., Defendants-Respondents.

Doka USA, Ltd., Third-Party Plaintiff-Appellant,
v
Roger & Sons Concrete, Inc., Third-Party Defendant-Respondent.

Biedermann Hoenig Semprevivo, New York (Sara E. Thompson of counsel), for appellant.
Stolzenberg Cortelli LLP, White Plains (Terrence James Cortelli of counsel), for Domenick Rossi, respondent.
Quirk and Bakalor, P.C., Garden City (Timothy J. Keane of counsel), for World Trade Center Properties, LLC, 4 World Trade Center, LLC, Silverstein Properties, Inc., Tishman Construction Corporation, Leslie E. Robertson Associates, R.L.L.P. and Roger & Sons Concrete, Inc., respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered January 29, 2024, which, to the extent appealed from, denied the cross-motion of defendant/third-party plaintiff Doka USA, Ltd. for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs. Order, same court and Justice, entered January 29, 2024, which, to the extent appealed from, denied Doka's cross-motion for summary judgment on its contractual indemnification claim as against third-party defendant Roger & Sons Concrete, Inc. and its common-law indemnification claim as against defendants World Trade Center Properties, LLC, 4 World Trade Center LLC, Silverstein Properties, Inc., and Tishman Construction Corporation (collectively, the WTC defendants); and denied Doka's motion for summary judgment dismissing Roger & Sons' counterclaim for contractual indemnification and contribution and the WTC defendants' cross-claims for contractual and common-law indemnification and contribution, unanimously affirmed, without costs.
Plaintiff, an employee of the concrete subcontractor Roger & Sons, was injured while using a ratchet to move a reusable concrete formwork system used to construct concrete walls. The concrete formwork system was supplied by Doka, which also trained the Roger & Sons employees on how to use the system and the ratchets.
Doka's argument that it is not a proper Labor Law defendant is unpreserved. In any event, Doka fails to establish that it is not a "statutory agent" under Labor Law §§ 200 and 241(6). Based on Doka's contract with Roger & Sons and testimony that a Doka employee remained on site after training the Roger & Sons employees on the formwork system, issues of fact exist as to whether Doka had the authority to supervise and control plaintiff's work with the formwork system (see Kosovrasti v Epic (217) LLC, 96 AD3d 695, 695-696 [1st Dept 2012]).
Supreme Court correctly denied Doka's motion to dismiss plaintiff's products liability causes of action based on a design defect as against Doka. Our determination in a prior appeal that "Doka was responsible for the ratchets being made available to the workers installing the walls" (Rossi v Doka USA, Ltd., 181 AD3d 523, 527-528 [1st Dept 2020]) constitutes the law of the case (see Carmona v Mathisson, 92 AD3d 492, 492 [1st Dept 2012]). Further, Doka fails to establish that the ratchet was not defective.
The court correctly denied Doka's cross-motion for summary judgment on its contractual indemnification claims as against Roger & Sons because Doka failed to establish that it was not negligent. The court also correctly denied Doka's cross-motion for summary judgment on its common-law indemnification claims as against the WTC defendants for the same reason.
We decline plaintiff and the WTC defendants' requests to search the record and grant them affirmative relief (see Matter of Mack v Joyner, 120 AD3d 415, 415 [1st Dept 2014], lv denied 23 NY3d 908 [2014[*2]]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025