■ ELLIOT SALTZMAN, Respondent-Appellant, v BERT LIEBMAN et al., Appellants-Respondents.—Order, Supreme Court, New York County, entered June 15, 1977, which, *inter alia,* dismissed the affirmative defenses and counterclaim, granted plaintiff's motion for summary judgment on the second and fourth causes of action, and ordered an assessment of damages, unanimously modified, on the law, by reversing so much thereof as granted summary judgment on the fourth cause and as directed an assessment, so as to deny summary judgment on the fourth cause of action and to dismiss that cause and to grant summary judgment on the second cause of action in the sum of $114,000 plus interest from March 14, 1973, and, as modified, otherwise affirmed, with $60 costs and disbursements to plaintiff. In April of 1971, the plaintiff was hired to perform certain architectural services in the construction of a "health related facility" in The Bronx. In March of 1973, a zoning change allegedly made the project economically unfeasible. As a result of this zoning change, the Department of Buildings issued a "stop work" order. In various proceedings before the Board of Standards and Appeals and in subsequent article 78 proceedings, the defendant owners unsuccessfully attempted to obtain a building permit to continue construction of the facility. In their papers, the defendants strenuously argued that they had a vested right to the permit because they had expended over $500,000 in the construction of the buildings. As part of their expenditure, the defendants repeatedly maintained that they owed the plaintiff $114,000 on accrued services of $132,000. This debt was further evidenced by plaintiff's letter of March 14, 1973 requesting that amount. The defendants' sworn statements of liability before the board and Special Term were informal judicial admissions. *(Phillips v Lindley,* 112 App Div 283, affd 188 NY 606; Richardson, Evidence [10th ed], § 217.) These admissions constituted some proof tending to indicate that the defendants owed the plaintiff the sum of $114,000. In opposition to this prima facie showing on the part of the plaintiff, the affidavit submitted by the defense counsel was of no probative value. Likewise, the superficial affidavit of defendant Bert Liebman, submitted in support of his counsel's affidavit and adopting counsel's recitations, did not indicate the exact manner in which plaintiff breached the contract *(Stara Plumbing & Heating Co. v Kelly Contr. Corp.,* 61 AD2d 950). By failing to controvert with specificity their prior admissions, the defendants must be deemed to have admitted them. (Cf. *Laye v Shepard,* 48 Misc 2d 478, affd 25 AD2d 498.) Moreover, the evidence otherwise supports the court's conclusion that "final feasibility" approval was obtained from the FHA. Hence, the plaintiff's recovery is not limited to the sum of $18,000 which was the contractual limit set should such approval not be obtained. In the absence of any factual issues, summary judgment should be granted to plaintiff on the second cause for breach of contract in the demanded amount of $114,000. For the same reason, the counterclaim and affirmative defenses should be dismissed for lack of merit. Interest should be awarded on that second cause from the date of defendants' breach which is set at plaintiff's demand date of March 14, 1973. In view of the fact that recovery is being awarded on the second cause, no recovery can be had on the fourth cause based on *quantum meruit* (cf. *Hohenberg Co. v Iwai N. Y.,* 6 AD2d 575, 578). Since an award on the first cause for account stated would be duplicative, such award was properly denied since, in view of the foregoing, said cause is now academic. Settle order on notice. Concur—Murphy, P. J., Birns, Silverman, Evans and Lynch, JJ.