■ ROBERT W. COLLINS et al., Appellants, v CALDOR OF KINGSTON, INC., et al., Respondents, et al., Defendants. CALDOR OF KINGSTON, INC., Third-Party Plaintiff; THOMAS G. RILEY et al., Third-Party Defendants.—Appeal from a judgment of the Supreme Court, entered March 17, 1978 in Ulster County, upon a jury verdict rendered at a Trial Term, in favor of defendant Caldor of Kingston, Inc. On October 17, 1975, at a store of defendant Caldor of Kingston, Inc. (Caldor), third-party defendant Thomas Riley and his son, 14-year-old defendant Damian Riley, purchased an air pellet pistol manufactured by third-party defendant Crosman Arms Company, Inc. The subject pistol shoots .22 calibre lead pellets propelled by a $CO_2$ cartridge from a chamber which holds six pellets, and on the day following its purchase Damian Riley took the gun from his house without his father's permission and spent up to six hours with friends shooting at random targets. While he was so engaged, there came a time when he concluded that the gun had been emptied of pellets because he had shot it 9 to 11 times and fired only air. Thereafter, without any additional cartridge or pellets being inserted into the gun, he proceeded to point it at his friend, plaintiff Robert Collins, and pulled the trigger with the result that a pellet was discharged and struck Collins in the right eye. As a consequence, the eye was removed and replaced with a prosthesis on October 25, 1975, and plaintiffs subsequently instituted the present action against Caldor and Damian Riley, with Caldor later impleading Damian Riley's parents and Crosman Arms Company, Inc.

In their complaint against Caldor, plaintiffs pleaded three causes of action; the first alleging that Caldor was negligent in failing to instruct Damian Riley as to the safe use of the pistol, the second seeking recovery on a strict products liability theory and the third alleging a violation of subdivision 5 of section 265.10 of the Penal Law in Caldor's sale of the gun to a minor whom the law was enacted to protect. At the close of plaintiffs' evidence, the court granted Caldor's motion to dismiss the second cause of action, but the other two causes of action were submitted to the jury, which ultimately returned a verdict in Caldor's favor while awarding plaintiffs $40,500 against Damian Riley. This appeal followed. Initially, we cannot agree with plaintiffs that the trial court erred in dismissing the cause of action against Caldor based on strict products liability. For plaintiffs to recover under this theory, they must establish that the product involved is defective (*Codling v Paglia,* 32 NY2d 330), and this requirement has been interpreted to mean that a plaintiff must prove that a product has an unreasonable and latent design defect which enhances or aggravates an injury (*Bolm v Triumph Corp.,* 33 NY2d 151) or that its use involves an "unreasonable risk of harm" (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 385). Here, such proof is lacking, and instead, the record contains a police report that the gun was "a correctly functioning product" and also a statement at trial by plaintiffs' counsel that he was "not going on the theory that anything is wrong with the gun". Furthermore, while it appears that pellets could occasionally become jammed in the barrel of the gun and not be discharged when the gun was later fired, such occurrences were not unanticipated and a ramrod was even included with the purchase of the gun so that jammed pellets could be dislodged. Moreover, uncontradicted evidence in the record conclusively establishes that Caldor's salesman warned the Rileys when they purchased the gun of its propensity for jamming and the need for caution in its use. Such being the case, even assuming, as theorized by plaintiffs, that Robert Collins' eye injury resulted from the lodged pellet unexpectedly becoming dislodged and being discharged from the gun, this circumstance does not demonstrate that the gun was defective and a jury could not reasonably so conclude. Accordingly, Caldor is plainly not liable to plaintiffs on a strict products liability theory and the dismissal of the second cause of action should not be disturbed (see *Rhabb v New York City Housing Auth.,* 41 NY2d 200). Similarly without merit is plaintiffs' contention that the trial court erred in refusing to allow into evidence against Caldor its third-party complaint against Crosman Arms Company, wherein Caldor alleged that the pellet gun was not of merchantable quality and not safe for use by the general public. This allegation in the unverified third-party complaint and Caldor's denial that the gun was unsafe and not of merchantable quality in its answer to plaintiffs' complaint are obviously contradictory. As such, however, they do not constitute admissions of fact by Caldor which may be admitted into evidence, but rather they are merely inconsistent pleadings which are permissible (CPLR 3014; *Scolite Int. Corp. v Vincent J. Smith, Inc.,* 68 AD2d 417; *George v Sparwood Realty Corp.,* 34 AD2d 768). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.