■ TOWN & COUNTRY SWIMMING POOLS, INC., APPELLANT, v PRECO CHEMI-
CAL CORPORATION, Respondent. — In an action to recover for breach of express
and implied warranties, plaintiff appeals from a judgment of the Supreme
Court, Nassau County (Young, J.), dated November 17, 1982, which dismissed
the complaint, after a nonjury trial, based on the finding that defendant had
proved an accord and satisfaction. Judgment reversed, on the law and the
facts, with costs, plaintiff is granted judgment on the issue of liability and the
case is remitted to the Supreme Court, Nassau County, for a trial on the issue
of damages. "It is * * * well settled that where a debtor tenders less than full
payment of a disputed unliquidated claim, there must be a clear manifestation
of intent by the debtor that the payment is in full satisfaction of the disputed
claim" (*Boyle v American Airlines,* 89 AD2d 667). The trial court erred in the
instant case in holding that defendant had proved the existence of an accord
and satisfaction. The testimony at trial established that the purposes of the
June 8, 1978 agreement were to solve the problem of the peeling paint and to
satisfy plaintiff as a potential customer of defendant. Neither the testimony
nor the letter of June 8, 1978 established that defendant intended the tender of
the Ceramix to plaintiff to serve as full satisfaction for any future liability it
might incur as a result of the paint peeling problem. While plaintiff is entitled
to judgment as to liability, the record is inadequate to enable us to assess its
damages. Damiani, J. P., Mangano, O'Connor and Niehoff, JJ., concur.