■ CERULEAN LAND DEVELOPERS CORP., Respondent, v COLON DEVELOPMENT CORP., Appellant.—In an action to recover damages for breach of contract due to the defendant's alleged failure to pay the plaintiff its participatory share of sums

charged to third parties for hook-ups to a sewage disposal trunk line, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated December 1, 1987, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

While the affirmation of an attorney who has no personal knowledge of the facts asserted therein is generally not sufficient to oppose a motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557), it is sufficient if it is based on documentary evidence in the attorney's possession (*Leandre v Sharperson*, 96 AD2d 883; *see also, Mascoli v Mascoli*, 129 AD2d 778). In this case, both the plaintiff's principal and its attorney who negotiated the contract, both of whom had personal knowledge of the facts, were deceased at the time the defendant made the motion leading to the order now under review. The defendant concedes in its brief that the plaintiff "did face a serious problem on the motion" because of these deaths. The affirmation of the plaintiff's attorney which attached copies of the three disputed agreements was sufficient for purposes of opposing the defendant's motion.

Moreover, the plaintiff cross-moved for admission into evidence of the deposition transcript of its deceased principal. That transcript was part of the over-all papers which were submitted in support of the cross motion and in opposition to the defendant's motion.

The record also reveals that the plaintiff raised issues of material fact which justified denial of summary judgment. The 1973 addendum to the 1969 contract shows that the area of significance to this action is "the area of contributory flow", yet neither the defendant nor the plaintiff has been able to show what is the extent of that area. Among other things, there is also a dispute as to the total construction cost of the trunk line. Although the defendant's affidavit states that the number of units in the area of contributory flow is 233, the statement is not supported by any documentary evidence.

The defendant has also failed to establish that the agreement dated October 27, 1976, constituted an accord and satisfaction. There is no express statement in the agreement to indicate that it was intended to serve as such (*Studiengesellschaft Kohle v Novamont Corp.*, 532 F Supp 234). Neither is it expressed as an agreement to rescind the 1969 contract and the 1973 addendum thereto, so as to operate as an accord and

satisfaction *(Posner Constr. Co. v Valley View Dev. Corp.,* 118 AD2d 1001). In fact, paragraph 3 of the 1976 agreement states that "the existing agreements are currently in default" and that "the defendant agrees to renew the contracts, for the purposes above outlined". It is, therefore, clear that the 1976 agreement was intended to "renew" and to reconfirm the parties' "existing agreements" *(see, Town & Country Swimming Pools v Preco Chem. Corp.,* 96 AD2d 509).

Furthermore, a question of fact exists as to whether or not the plaintiff's action is barred by the six-year Statute of Limitations (CPLR 213 [2]). The seventh paragraph of the 1973 addendum merely states that the amounts "shall be divided and distributed between [the defendant] and [the plaintiff]". There is no indication that the plaintiff's participatory share became due and payable simultaneously with collection of the connection fees from a third party. Indeed, nowhere in the addendum is there an indication as to the point in time when the moneys should be shared. Moreover, the plaintiff is alleging fraudulent concealment by the defendant. The plaintiff should be permitted to proceed to trial, at which time it will have the opportunity and burden of proving that its action was commenced within the six-year Statute of Limitations period or that its cause of action is predicated upon the actual fraud of the defendant, which it did not discover, nor could have discovered with reasonable diligence, within the appropriate Statute of Limitations (CPLR 203 [f]; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353). Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.