■ BARRY WALSH, Plaintiff, v PYRAMID COMPANY OF ONONDAGA, Defendant and Third-Party Plaintiff, et al., Third-Party Defendant. PYRAMID COMPANY OF ONONDAGA, Second Third-Party Plaintiff-Respondent, v NELSON ELECTRICAL CONTRACTING CORP., Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. WOODROCK CONTRACTORS, Fourth-Party Plaintiff-Respondent, v NELSON ELECTRICAL CONTRACTING CORP., Fourth-Party Defendant. [643 NYS2d 576]

Plaintiff, a carpenter in the employ of third-party defendant Woodrock Contractors, was working on premises in Syracuse when he fell from a scaffold. This action was brought against Pyramid Company of Onondaga as the general contractor pursuant to Labor Law §§ 200, 240 and 241. In the bill of particulars, plaintiff alleged a failure to provide safe scaffolding and also claimed a failure to provide proper illumination at the worksite. Pyramid brought third-party actions against others including Nelson Electrical Contracting (Nelcorp), responsible for the electrical lighting contracting at the premises.

Plaintiff sought summary judgment pursuant to Labor Law § 240. In response to claims in opposition that the accident was caused by poor lighting, plaintiff asserted that the cause of the fall was the collapse of unsecured planking on the scaffolding, and the plaintiff's statement that the area was dimly lit was merely descriptive.

The subsequent denial by the IAS Court of Nelcorp's motion for summary judgment was erroneous. The statement by plaintiff's counsel in an affirmation submitted upon the plaintiff's summary judgment motion as to the cause of the accident was a judicial admission and binding in the absence of a sufficient explanation (*Matter of Union Indem. Ins. Co.*, 200 AD2d 99, 105, *lv dismissed* 84 NY2d 1026; *Bogoni v Friedlander*, 197 AD2d 281, 291-292, *lv denied* 84 NY2d 803). In opposition to Nelcorp's prima facie showing of its entitlement to summary judgment based upon the admission, defendant and the other third-party defendants failed to controvert or explain plaintiff's prior admission "with specificity" (*Saltzman v Liebman*, 63 AD2d 621).

Finally, although the admission was by plaintiff, it was effective against defendant and the other third-party defendants since, in these circumstances, their claims are contingent upon a viable claim by plaintiff against Nelcorp. Concur—Milonas, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.