■ Richard Demblewski, as Executor of Theodore Demblewski, Deceased, Respondent, v Richard Demblewski, as Executor of Theodore Demblewski, Deceased, et al., Defendants, and Kenneth Demblewski et al., Appellants. [701 NYS2d 567] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred, following a bench trial, in awarding plaintiff's decedent a 50% interest in the 2055 Walden Avenue and Duke Road properties. It is well settled that, "where a document on its face is properly subscribed and bears the acknowledgment of a notary public, it 'give[s] rise to a presumption of due execution, which may be rebutted only upon a showing of clear and convincing evidence to the contrary' " (Smith v Smith, 263 AD2d 628, lv dismissed 94 NY2d 797, quoting Spilky v Bernard H. La Lone Jr., P. C., 227 AD2d 741, 743). Although plaintiff's decedent testified that his signatures on various deeds were forged, that " 'unsupported testimony of [an] interested witness[ ]' " is insufficient to meet his burden of proof (Son Fong Lum v Antonelli, 102 AD2d 258, 261, affd 64 NY2d 1158, quoting Albany County Sav. Bank v McCarty, 149 NY 71, 80; see also, Spilky v Bernard H. La Lone Jr., P. C., supra, at 743). Thus, based upon the recorded deeds, we conclude that plaintiff is entitled to only a 10% interest in the 2055 Walden Avenue and Duke Road properties, and we modify the judgment accordingly.

We do not address the contention of plaintiff regarding costs and disbursements because he failed to take an appeal (see,

CPLR 5515 [1]). (Appeal from Judgment of Supreme Court, Erie County, NeMoyer, J.—RPAPL.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.