■ IRB-BRASIL RESSEGUROS S.A., Respondent-Appellant, v ELDORADO TRADING CORPORATION LTD. et al., Appellants-Respondents. [891 NYS2d 362]—

Plaintiff's original motion for summary judgment was denied because of the court's concern that the Euroclear statement and other documents suggested that BB Securities, rather than plaintiff, may have been the true holder under the terms of the note. Plaintiff moved to renew, submitting an affidavit by BB's managing director, clearly averring that it held the note solely as custodian for plaintiff, as well as an assignment agreement between BB and plaintiff, establishing the latter's exclusive entitlement to sue under the note. Under these circumstances, the court providently exercised its discretion in granting renewal in the interest of justice (*see Garner v Latimer*, 306 AD2d 209 [2003]). The additional affidavit by an officer familiar with the corporate records, accompanying a true copy of the assignment agreement, was admissible (*see DeLeon v Port Auth. of N.Y. & N.J.*, 306 AD2d 146 [2003]), and established plaintiff's entitlement to summary judgment.

In view of our finding that summary judgment was correctly granted upon renewal, we dismiss plaintiff's appeal of the denial of its original motion for summary judgment as academic. However, had we not done so, we would hold that plaintiff met its prima facie burden on the initial motion for summary judgment by submitting evidence of defendant Eldorado Trading's promise to pay under the note, the guarantee by defendants Eldorado S.A. and Verpar, and nonpayment (*see Eastbank v Phoenix Garden Rest.*, 216 AD2d 152 [1995], *lv denied* 86 NY2d 711 [1995]). Plaintiff also submitted evidence demonstrating it had purchased the note, which was held by BB Securities on its behalf in a secure account at Euroclear. Contrary to defendants' contention, the affidavit of a corporate officer with personal knowledge, together with authenticated business records, is admissible in support of a motion for summary judgment (*see First Interstate Credit Alliance v Sokol*, 179 AD2d 583, 584 [1992]). In addition, a certified statement of account issued by Euroclear was admissible under the terms of the note, which provided that such record would be "conclusive evidence" as to the identity of any holder, and because it had sufficient indicia

of trustworthiness (*see Elkaim v Elkaim*, 176 AD2d 116, 117 [1991], *appeal and lv dismissed* 78 NY2d 1072 [1991]). Concur—Tom, J.P., Andrias, Saxe, McGuire and Manzanet-Daniels, JJ.