■ PRISCILLA CHAREST et al., Appellants, v K MART OF NY HOLDINGS, INC., Respondent. [897 NYS2d 60]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered October 11, 2007, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff claims that she was injured while shopping at a K Mart store, and sued defendant, K Mart of NY Holdings, Inc. Defendant moved for summary judgment, asserting that it never owned, operated, maintained or operated the store, and did not otherwise owe plaintiff a duty of care. In support, defendant submitted the lease for the store, which has been in effect at all relevant times and names nonparty K Mart Corporation as the tenant and makes no reference to defendant. Plaintiff's argument that this lease is not in evidentiary form in that it is not a certified copy and has not been authenticated by sworn testimony is improperly raised for the first time on appeal, and we decline to review it. Defendant also submitted the affidavit of a K Mart Corporation officer stating that he was familiar with K Mart Corporation and its affiliated entities, including defendant, and that the latter is separate and distinct from the former and has never had any right to own, lease, operate, possess, manage, operate, or maintain any K Mart store. Plaintiff's argument that this affidavit does not disclose the personal knowledge necessary to support a motion for summary judgment is also unpreserved, and in any event without merit (*see IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd.*, 68 AD3d 576, 577 [2009]), and her characterization of the affidavit

as "self-serving" does not relieve her of the burden of coming forward with rebutting evidence. The documents subsequently submitted by plaintiff do not tend to show, as her attorney contends, that defendant was formed to take over K Mart Corporation's business in New York after its emergence from bankruptcy. Plaintiff's argument that the documents show a complex relationship warranting further disclosure was properly rejected by the motion court as a "fishing expedition" (*compare Banham v Stanley & Co.*, 178 AD2d 236, 238 [1991]; *see Devore v Pfizer Inc.*, 58 AD3d 138, 143-144 [2008], *lv denied* 12 NY3d 703 [2009]) Concur—Gonzalez, P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ.