*534 Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 26, 2013, which, to the extent appealed from, denied defendants’ motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to defendants 500A East 87th Street, LLC, Garson Holdings, LLC, and Garson Management Company, LLC, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint against said defendants.
Plaintiff Jose Humareda injured his right hand when, in the course of his employment, he inserted a short stick into a malfunctioning trash compactor in an attempt to loosen garbage. Plaintiff’s employer, nonparty SMJ Associates LLC, was the net lessee of the premises, which were owned by defendant 500A East 87th Street (500A).
500A demonstrated that as an out-of-possession owner it had no responsibility for the complained-of defect, because the defect was not a significant structural or design defect that was contrary to a specific statutory safety provision (see Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 420 [1st Dept 2011]; Velazquez v Tyler Graphics, 214 AD2d 489 [1st Dept 1995]). In support of his position that the trash compactor is a structural component of the building, plaintiff cited Administrative Code of City of NY § 27-232 (defining “Service Equipment” to include “refuse disposal”). However, that provision is not a safety provision. Plaintiff’s argument that as an out-of-possession owner 500A remained liable for any dangerous condition that existed at the time it net leased the building—four years before the accident—is unavailing, since the net lessee “had reasonable time to discover and remedy the defect” after the conveyance of the property interests (see Armstrong v Ogden Allied Facility Mgt. Corp., 281 AD2d 317, 318 [1st Dept 2001]).
In view of the foregoing, defendants Garson Holdings, LLC and Garson Management Company, LLC, as direct and indirect owners of 500A, a limited liability company, cannot be held liable to plaintiff, since there was no showing that they dominate and control 500A with respect to the matter in issue (see Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 210 [1st Dept 2005]; Limited Liability Company Law § 609).
The admission by defendants’ counsel that S. Garson, LLC *535 had control over the trash compactor and the method of its operation raises an issue of fact whether S. Garson is liable to plaintiff for injuries caused by the malfunctioning trash compactor (see Morel v Schenker, 64 AD3d 403 [1st Dept 2009]; Walsh v Pyramid Co. of Onondaga, 228 AD2d 259, 260 [1st Dept 1996]; see also People v Brown, 98 NY2d 226, 232 n 2 [2002] [an informal judicial admission is “not conclusive on the defendant in the litigation” (internal quotation marks omitted)]). Further, the record suggests some interchangeability or, at the very least, confusion, concerning which entity was responsible for managing the building. For example, when asked who he considered to have been the managing agent of the building at the time of the accident, Staffard Garson, the individual who is the principal of both entities, testified, “My company .... Staffard Garson Properties, S. Garson, LLC, my office.” Accordingly, it is impossible to conclude, as a matter of law, that the latter was not the managing agent for the building, or for that matter, that it did not exercise control over the property.
Defendants argue that plaintiffs act of inserting his hand into the trash compactor was a superseding cause of his accident, severing any causal link between their negligence and his injuries. However, since the record shows that plaintiff and other building workers had been using sticks to unclog garbage in the trash compactor for years, we cannot conclude as a matter of law that plaintiffs conduct was unforeseeable (although it raises an issue of comparative negligence) (see Litts v Best Kingston Gen. Rental, 7 AD3d 949 [3d Dept 2004]).
Concur— Mazzarelli, J.P, Sweeny, Renwick, Freedman and Gische, JJ.