| Conti v Marino |
| :---: |
| 2024 NY Slip Op 32868(U) |
| August 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514326/2023 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the 12ᵗʰ day of _August_, 2024.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
MARIO CONTI,

                          Plaintiff,

        -against-

                                      Index No.: 514326/2023

ROSE MARINO,
DEUTSCHE BANK NATIONAL TRUST COMPANY
As INDENTURE TRUSTEE FOR AMERICAN HOME
MORTGAGE TRUST 2005-1,                      **DECISION AND ORDER**

                              Defendants.
------------------------------------------------------------------------X

The following e-filed papers read herein:        NYSCEF Doc. Nos.:

| | |
|---|---|
| Notice of Motion/ Memorandum of Law/Affirmation/Exhibits............... | 7 – 24 |
| Affirmation in Support......................................................................... | 34 |
| Affirmation in Opposition/Exhibits....................................................... | 35 – 47 |
| Reply Affirmation............................................................................... | 48 |

      Defendant Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-1 ("Defendant" or "Deutsche Bank") moves for an order, pursuant to CPLR 3211(a), dismissing Plaintiff Mario Conti's complaint ("Plaintiff") (Mot. Seq. No. 1). Plaintiff opposes the motion.

      On or about April 25, 2023, Plaintiff filed a summons and complaint, alleging that he holds title to real property located at 7402 Colonial Road in Brooklyn, New York (the "Property"). Plaintiff asserts that the Property was previously owned by his father Gaetano Conti ("Mr. Conti"). Plaintiff alleges that he discovered that there are deeds of record reflecting that the Property was

[*1]

conveyed from Mr. Conti to Amelio Marino[1] ("Mr. Marino") and defendant Rose Marino (Mr. Marino's daughter; hereinafter "Defendant Marino"), as joint tenants (the "2005 Deed"),[2] then from Mr. Marino and Defendant Marino to Mr. Marino and Plaintiff, each with 50% ownership interest as tenants in common (the "2007 Deed"),[3] and then Mr. Marino conveyed his 50% interest to Defendant Marino[4] (the "2013 Deed"). In the complaint, Plaintiff asserts that neither he nor his deceased father Mr. Conti ever agreed to covey any interest in the Property to either Mr. Marino or Defendant Marino and never received consideration. Plaintiff further alleges that the signatures to the deed to Mr. Marino and the purported power of attorney are forgeries and are void ab initio. Plaintiff further alleges that Deutsche Bank's mortgage on the Property is predicated upon the forged deed to Mr. Marino. The complaint asserts seven causes of action: (1) declaratory judgment declaring that the deeds are nullities; (2) fraud in the factum; (3) fraud in the inducement; (4) determination of title under RPAPL Article 15; (5) declaratory judgment declaring Deutsche Bank's mortgage null and void; (6) slander of title; and (7) constructive trust.

Defendant asserts that after the Property was conveyed to Mr. Marino and Defendant Marino, they gave a mortgage to American Home Mortgage Acceptance Inc. in the amount of $696,000 on March 23, 2005. This mortgage was later assigned to Deutsche Bank. Defendant asserts that the funds from this mortgage were used to satisfy[5] the GreenPoint Mortgage Funding, Inc. mortgage, which was procured by Mr. Conti when he obtained the Property on January 9, 2004. According to Deutsche Bank, a foreclosure action was commenced in January 2015 (the "Foreclosure Action") and the motion for a default judgment against Plaintiff and Plaintiff's cross-motion to file an amended answer to the amended complaint are fully submitted and remain pending.[6]

Deutsche Bank now moves to dismiss this complaint under CPLR 3211(a)(1), (3), (5), and (7). With respect to Plaintiff's first and fourth causes of action alleging forgery, Deutsche Bank argues that Plaintiff's only basis for standing is the 2007 Deed which granted him 50% ownership

---

[1] The complaint asserts that Amelio was Gaetano Conti's long-term attorney and friend (NYSCEF Doc No. 1, ¶ 19).
[2] The deed from Gaetano Conti to Amelio Marino and Rose Marino, as joint tenants, is dated February 16, 2005 (NYSCEF Doc No. 40).
[3] By deed dated May 1, 2007 and recorded on July 17, 2007, Amelio and Rose Marino conveyed their ownership interest so that the 50% was held by Amelio and 50% was held by Plaintiff (NYSCEF Doc No. 43).
[4] By deed dated May 8, 2013, Amelio conveyed his 50% interest to Rose (NYSCEF Doc No. 37).
[5] The Satisfaction of Mortgage was executed on May 5, 2005 (NYSCEF Doc No. 16).
[6] The Foreclosure Action is pending in Kings County Supreme Court, under index No. 501047/2015 and titled *Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2005-1 v. Amelio P. Marino; Rose A. Marino; Mario Conti, et al.*

2

[* 2]

interest, which he is seeking to void in this action. Further, Deutsche Bank contends that to the extent Plaintiff's quiet title cause of action is based on the 2005 Deed, it is time-barred by the 10-year statute of limitations. Deutsche Bank also argues that the 2007 Deed and power of attorney were subscribed before a notary public and are thus entitled to a presumption of validity and Plaintiff's self-serving claim of forgery is insufficient to rebut the presumption. In addition, Deutsche Bank claims that Plaintiff is not harmed because by his own admission in the Foreclosure Action, Plaintiff understood that he would only own half of the Property. Therefore, Deutsche Bank avers that even if Plaintiff's allegations were true, he is in the exact same position he believed he would be in if the alleged forgery had not occurred.

With respect to Plaintiff's fraud-based claims (second, third and fifth causes of action), Deutsche Bank argues that they must be dismissed as time-barred. Deutsche Bank maintains that fraud claims must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it. Deutsche Bank asserts that Plaintiff's answer in the Foreclosure Action, in which he asserts affirmative defenses of fraud, indicates that he knew of the alleged fraud no later than December 2017. Accordingly, Deutsche Bank claims that Plaintiff's fraud claims expired no later than December 2019 and since this action was not commenced until 2023, it is untimely.

Turning to Plaintiff's sixth cause of action for slander of title, Deutsche Bank contends that it is insufficiently pled because the complaint lacks any allegation of special damages. Regarding Plaintiff's seventh cause of action for a constructive trust, Deutsche Bank argues that Plaintiff fails to state a cause of action since it does not have any relationship with either Plaintiff or Mr. Conti. Moreover, Plaintiff's cause of action for a constructive trust started to accrue at the time of the 2005 Deed and thus it is time-barred.

Defendant Marino's counsel filed an affirmation in support of Deutsche Bank's motion and the legal and factual arguments contained therein. Defendant Marino also adds that Plaintiff's quiet title action is subject to a 10-year statute of limitations and if based on the 2005 Deed, Plaintiff's time to commence the action expired in February 2015.

In his opposition, Plaintiff contends that Deutsche Bank's mortgage is facially deficient in that the first page is missing and it provides no information as to the amount loaned, who was/is the lender and borrower(s), and which property was encumbered. Plaintiff further maintains that the signatures on the deeds were forged and alleges that the "purported notaries were elderly and

3

[* 3]

in poor health at the time, with their notary stamps likely not even in their possessions." Plaintiff further represents that he did not discover the "full nature" of the fraud and forgery until late 2021 and thus, the statute of limitations has not expired and at the least, create an issue of fact for the jury. Moreover, Plaintiff asserts that since the deeds are forgeries, they were never valid and his fraud claims are not subject to the statute of limitations. Since Plaintiff contests the deeds and mortgage submitted by Deutsche Bank, they cannot be considered documentary evidence. In addition, Plaintiff claims that "giving the allegations in the Complaint every favorable inference, the Complaint clearly states a cause of action." Plaintiff also argues that Deutsche Bank's motion is premature because he has not had an opportunity to depose Defendant Marino or someone from Deutsche Bank with personal knowledge.

In its reply, Deutsche Bank argues that Plaintiff's contention that the deeds and power of attorney are void ab initio and thus not time barred are not substantiated by any documentary evidence. Instead, Deutsche Bank asserts that Plaintiff relies solely on unsubstantiated narrative and hearsay testimony. Moreover, Plaintiff's assertion that he only recently discovered the fraud is, according to Deutsche Bank, demonstrably false.

The Court must first address Deutsche Bank's claim that Plaintiff lacks standing. "A party has standing to assert a cause of action to quiet title only where he or she has an estate or interest in the property" (*Morales v Rolon*, 226 AD3d 765, 767 [2d Dept 2024]). In his complaint Plaintiff asserts that he holds title to the Property, but the only evidence in support of this claim is the 2007 Deed. The 2007 Deed is premised on the 2005 Deed, which Plaintiff claims contains a forged signature. If the deeds are fraudulent as alleged by Plaintiff, then there is insufficient "evidence that he has good title or that he ever had good title" (*id.*). If the Court disregards the deeds, Plaintiff's only interest in the Property would be as a "potential intestate beneficiar[y]," which is insufficient to confer standing here (*Soscia v Soscia*, 35 AD3d 841, 843 [2d Dept 2006]). Assuming arguendo that Plaintiff has standing, the Court analyzes Deutsche Bank's remaining contentions.

First, the Court rejects Deutsche Bank's statute of limitations argument with respect to certain causes of action premised on the alleged forged deed. "Under [Court of Appeals] case law it is well-settled that a forged deed is void ab initio . . . [and] any encumbrance upon real property based on a forged deed is null and void. Therefore, the statute of limitations set forth in CPLR 213 (8) does not foreclose plaintiff's claim" of fraud in the factum (*Faison v Lewis*, 25 NY3d 220, 222 [2015]; *see also Simmons v Bell*, 220 AD3d 647, 648-649 [2d Dept 2023] ["A statute of limitations

[* 4]

does not make an agreement that was void at its inception valid by the mere passage of time"] [internal quotation marks and citations omitted]). Likewise, Plaintiff's cause of action seeking to quiet title on the basis that the forged deed was void ab initio is not subject to the 10-year statute of limitations (*see Torres v Equity Holdings LLC*, 2021 NY Slip Op 31031[U], *4 [Sup Ct, Kings County 2021]; *Canecchia v Richmond Assoc. Ny LLC*, 2021 NY Misc LEXIS 49310, at *4-5 [Sup Ct, Richmond County, Dec. 22, 2021, No. 150613/2021]; CPLR 212 [a]). In addition, "[t]he nature of the relief sought in a declaratory judgment action dictates the applicable limitations period" (*Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2d Dept 2009]). Thus, to the extent that Plaintiff predicated his causes of action for a declaratory judgment on a forged deed, the claims are not time-barred.

However, where a plaintiff claims that the "signature and authority for conveyance are acquired by fraudulent means . . . the deed is voidable" (*Faison*, 25 NY3d at 224) and a fraud in the inducement cause of action is subject to a six-year statute of limitations governing fraud claims (*Mahabir v Snyder Realty Group, Inc.*, 217 AD3d 850, 852 [2d Dept 2023]). "A cause of action based upon fraud must be commenced within six years from the time of the fraud or within two years from the time the fraud was discovered, or with reasonable diligence, could have been discovered, whichever is longer" (*Oggioni v Oggioni*, 46 AD3d 646, 648 [2d Dept 2007]). Here, the earliest purported fraud occurred in 2005. The Court finds Plaintiff's contention that he only recently discovered the facts surrounding the fraud untenable where his answer in the Foreclosure Action, dated December 27, 2017, contained affirmative defenses alleging forgery, fraud in the factum and fraud in the inducement (*see Oggioni*, 46 AD3d at 648 ["[T]he Supreme Court properly determined that the second cause of action to set aside the deed on the ground of fraud was time-barred because the plaintiff possessed knowledge of facts from which the fraud could reasonably have been inferred when he was served with the probate petition indicating that his father owned no real property at the time of his death."]). Therefore, Plaintiff's fraud in the inducement claim is untimely.

Upon consideration of Deutsche Bank's statute of limitations arguments, the Court finds that only Plaintiff's fraud in the inducement cause of action is time-barred.

Second, the Court considers Deutsche Bank's arguments that (a) the power of attorney and the 2005 Deed are entitled to a presumption of validity, which Plaintiff fails to rebut, and that (b) Plaintiff cannot prove actual damages.

5

[* 5]

Pursuant to the Civil Practice Law and Rules:

Certification of the acknowledgment or proof of a writing, except a will, in the manner prescribed by law for taking and certifying the acknowledgment or proof of a conveyance of real property within the state is prima facie evidence that it was executed by the person who purported to do so (CPLR § 4538).

"A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli*, 102 AD2d 258, 260-261 [2d Dept 1984], *affd* 64 NY2d 1158 [1985]). It "'should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty'" (*Beshara v Beshara*, 51 AD3d 837, 838 [2d Dept 2008], quoting *Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]).

In *Clark v Mtge. Servs. Unlimited*, the Second Department found that the plaintiff had not rebutted the presumption of due execution by failing to put forth "evidence, such as the affidavit of a handwriting expert or of a lay witness who was present at the execution of the deeds or who was otherwise familiar with her handwriting, to establish that the signatures on the deeds were not hers" (*Clark v Mtge. Servs. Unlimited*, 78 AD3d 1104, 1105 [2d Dept 2010], *lv denied* 16 NY3d 709 [2011]). Similarly, "[w]ithout additional evidence such . . . proof establishing that plaintiff was not present in New York State on [the date the deed was signed], the court cannot find that plaintiff has presented evidence so clear and convincing so as to amount to a moral certainty that the deed is forged" (*O'Connor v O'Connor*, 40 Misc 3d 1226[A], 2013 NY Slip Op 51324[U], *2 [Sup Ct, Kings County 2013]).

Here, in his affidavit, Plaintiff contends that his and Mr. Conti's signatures were forged and they never signed anything before the notaries. Plaintiff further claims that he and his father were not in the United States "on the date that it was purported to have occurred." Plaintiff also submitted an affidavit of his mother, Maria Conti ("Mrs. Conti"), wherein she asserts that the family had gone to Italy sometime in 2005. Mrs. Conti makes further allegations as to the physical and mental capacity of the two notaries involved with the 2005 and 2007 Deeds. These affidavits are insufficient to rebut the presumption of validity.

6

[* 6]

It has long been held that "[i]f the fraud causes no loss, then the plaintiff has suffered no damages" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017], quoting *Sager v Friedman*, 270 NY 472, 481 [1936]). Here, Deutsche Bank contends that Plaintiff's understanding and expectation was that he would own 50% of the Property. Since Plaintiff is "precisely where he believed he would be if the alleged forgery had not occurred," Deutsche Bank argues that there is an absence of harm (*see e.g., Ciardiello v Pugliese*, 39 AD2d 562, 563 [2d Dept 1972] [finding that "it could have established that even if plaintiffs were deceived into signing the 1968 deed defendant had title at that time [pursuant to the 1967 deed] and thus plaintiffs had sustained no damage as a result thereof."]). In support of this argument, Deutsche Bank refers to the transcript of Plaintiff's deposition testimony in the Foreclosure Action, which contains references of owning only half of the Property.

"An informal judicial admission is a declaration made by a party in the course of any judicial proceeding (whether in the same or another case) inconsistent with the position [the party] now assumes" (*People v Brown*, 98 NY2d 226, 232, n 2 [2002] [internal quotation marks and citation omitted]). "Statements contained in a verified complaint, or made by a party as a witness, or contained in a deposition, a bill of particulars, or an affidavit constitute informal judicial admissions" (*Ocampo v Pagan*, 68 AD3d 1077, 1078 [2d Dept 2009] [internal quotation marks and citations omitted]). "While not conclusive, [informal judicial admissions] are evidence of the fact or facts admitted" (*id.* [internal quotation marks and citations omitted]).

"Where, as here, evidentiary material was submitted and considered on the motion to dismiss and the motion was not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Halvatzis v Perrone*, 199 AD3d 785, 786 [2d Dept 2021] [internal quotation marks and citations omitted]). If an informal judicial admission disproves an essential element of a claim, dismissal is warranted (*see id.* at 787 [dismissal proper where informal judicial admission established that plaintiff could not meet one of two elements of cause of action]; *WL Ross & Co. LLC v Storper*, 2016 NY Slip Op 31284[U], *8 [Sup Ct, NY County 2016] ["[A]n informal judicial admission which refutes an essential element of a plaintiff['s] claim thereby serv[es] as a basis for

7

dismissal"]). Since Plaintiff made admissions at his deposition that he was going to be or only held a 50% interest the Court finds that he does not have a cause of action.

Third, the Court turns to Deutsche Bank's claim that the complaint fails to state a cause of action for a constructive trust and slander of title. Courts will only grant a motion to dismiss under CPLR 3211(a)(7) if, "taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Rubinstein v Salomon*, 46 AD3d 536, 538 [2d Dept 2007] [internal quotation marks and citations omitted]). However, bare legal conclusions are not presumed to be true or accorded every favorable inference (*Morris v Morris*, 306 AD2d 449, 451 [2d Dept 2003]). A complaint has sufficiently plead a cause of action if "it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and [] the requisite elements of any cause of action known to our law can be discerned from its averments" (*Pace v Perk*, 81 AD2d 444, 449 [2d Dept 1981] [internal citations omitted]).

To obtain a constructive trust, a party must establish the existence of (1) a fiduciary or confidential relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*Delidimitropoulos*, 186 AD3d at 1490). Here, Plaintiff is alleging that the 2005 Deed was forged but does not allege that he "actually transferred the property and that such transfer was made in reliance upon a promise made by any representative of the defendant" Deutsche Bank (*Amex Dev., LLC v Aljohn Group, Inc.*, 134 AD3d 865, 866 [2d Dept 2015], *mod* 209 AD3d 808 [2d Dept 2022]). Plaintiff's complaint is further devoid of allegations that there was (i) a fiduciary or confidential relationship with Deutsche Bank; (ii) a promise made by Deutsche Bank to Plaintiff; or (iii) reliance by Plaintiff on that promise (*see City of Long Beach v Agostisi*, 221 AD3d 776, 780 [2d Dept 2023]).

"The elements of a cause of action to recover damages for slander of title are (1) a communication falsely casting doubt on the validity of [the] complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages" (*Irizarry v Rosselli*, ___AD3d___, 2024 NY Slip Op 04065, *2 [2d Dept 2024] [internal quotation marks and citations omitted]). "[T]he cause of action does not arise until special damages actually result" (*Rosenbaum v City of NY*, 8 NY3d 1, 12 [2006]). This requirement is well-established (*see Kendall v Stone*, 5 NY 14, 18-19 [1851]). Therefore, a plaintiff's cause of action is not sufficiently pled where he or she "fail[s] to adequately allege that special damages resulted from the [defendants'] allegedly tortious

8

[* 8]

conduct (*id.*; *see also Shahid v Slochowsky & Slochowsky, LLP*, 208 AD3d 1381, 1383 [2d Dept 2022]). Plaintiff has not met the first, second nor third criteria. In his complaint, Plaintiff merely asserts that he was injured, as a direct and proximate result of defendants' conduct, in an amount no less than $2,500,000. This is insufficient to satisfy the particularity requirement (*Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 441 [1960] ["Such round figures, with no attempt at itemization, must be deemed to be a representation of general damages"]).

Thus, the Court finds that Plaintiff's causes of action for a constructive trust and slander of title are insufficiently pled and should be dismissed.

In sum, the Court finds that Plaintiff lacks standing. Even if Plaintiff had standing, his cause of action for fraud in the inducement would be dismissed as time-barred and his causes of action for slander of title and constructive trust would be dismissed for failure to state a claim. Plaintiff also has not rebutted the presumption of due execution of the documents or established damages.

Accordingly, it is hereby

ORDERED, that Defendant Deutsche Bank's motion (Mot. Seq. No. 1) is granted.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

_____

Hon. Ingrid Joseph, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

9

[* 9]