Maldonado v Queens Vil. Mgt. Corp. (2025 NY Slip Op 51186(U))

[*1]

Maldonado v Queens Vil. Mgt. Corp.

2025 NY Slip Op 51186(U)

Decided on July 23, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2025
Supreme Court, Kings County

Eliel Maldonado, Plaintiff,

against
Queens Village Management Corp., Defendant.

Index No. 535749/2023

Subin Associates, LLP, New York City (Andrew Bokar of counsel), for plaintiff.
Law Office of Allison M. Furman, New York City (Allison M. Furman of counsel), for defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 23-34.
Upon the foregoing papers and having heard oral argument on the record,[FN1]
the within motion is determined as follows.
Background
On or about January 2, 2021, Plaintiff Eliel Maldonado ("Plaintiff") allegedly sustained multiple injuries after a trip and fall on the sidewalk adjacent to 218-35 Hempstead Avenue, Queens [*2]Village, New York, 11429 ("218-35 Hempstead"). Plaintiff alleges that Defendant Queens Village Management Corp. ("Defendant") owns and operates 218-35 Hempstead and is therefore liable for Plaintiff's injuries due to their employees' or their own negligence that caused portions of the sidewalk to be, become, and remain in a dangerous, defective, and hazardous condition.
Defendant moved to dismiss pursuant to CPLR 3211 (a) (1) and (7), arguing that they do not own or operate 218-35 Hempstead, nor have they ever had any relationship whatsoever with 218-35 Hempstead. Defendant provided the deed to 218-35 Hempstead via the Automated City Register Information System ("ACRIS"), which shows Lamarion Holding Corp. as the owner of 218-35 Hempstead. Defendant further provided two leases that described Crown Hempstead LLC and Walgreen Eastern Co. Inc. as operating units in 218-35 Hempstead.
Plaintiff opposes Defendant's motion, arguing that the submitted deeds and other ACRIs documents are not certified and cannot be proffered as evidence to support a motion to dismiss; that the motion must be denied based on a prior judicial admission made in another case regarding 218-35 Hempstead [FN2]
— that Defendant owned the property — and that Defendant's motion is premature and must be denied to allow for further discovery in the form of a deposition of the parties involved.
Discussion
Deed and Leases
In its affirmation in opposition, Plaintiff cites to Northern Leasing Sys. Inc. v Young (56 Misc 3d 1212[A], 2017 NY Slip Op 50975[U] [Civ Ct, NY County 2017) for the proposition that documents proffered in support of summary judgment must be in admissible form. Defendant counters that this is a motion to dismiss pursuant to CPLR 3211, not a motion for summary judgment pursuant to CPLR 3212. However, CPLR 3211 (c) states that "Under the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment." This proposition was supported by the Second Department in Wan Li Situ v MTA Bus Co. (130 AD3d 807, 808 [2d Dept 2015]), when the Court reversed the Queens County Supreme Court's determination to deny Defendant MTA Bus Company's motion to dismiss and held that CPLR 3211 (c) "permits a court to treat a motion pursuant to CPLR 3211(a) as one for summary judgment."
Pursuant to CPLR § 3212 (b), "[a] motion for summary judgment shall be supported by affidavits, by a copy of the pleadings and by other available proof, such as depositions and written submissions. The affidavit shall be by a person having knowledge of the facts." Defendant submits an affirmation in support by Baruch Frankel, a vice president of the entity. Plaintiff contends that the affirmation in support provided by Frankel is inadmissible due to Frankel's lack of personal knowledge regarding the facts and circumstances surrounding the subject lease and the records. Plaintiff further contends that in his affirmation, Frankel fails to authenticate or state that the deed and leases are complete, true, and accurate copies.
During oral arguments regarding this motion, Defendant's counsel attested to Defendant's ownership of the adjacent properties at 218-01, 218-15, and 218-25 Hempstead Avenue, which is not disputed. The issue is who owns 218-35 Hempstead?
In Conti v Marino (2024 NY Slip Op 32868[U],*7 [Sup Ct, Kings County 2024]), the Court [*3]held that a deed signed by both parties and certified by a notary public gives rise to a presumption of validity, which may only be rebutted upon a showing of clear and convincing evidence to the contrary (see also Demblewski v Demblewski, 267 AD2d 1058, 1058 [4th Dept 1999]; Caricati v Caricati, 181 AD3d 1279, 1279 [4th Dept 2020]). While Plaintiff alleges that Defendant did not attest to the validity of the deeds and leases, Plaintiff did not provide any clear and convincing evidence to overcome the presumption of validity that comes with the notarized deed and leases.
Additionally, New York courts have held that "while the affirmation of an attorney who has no personal knowledge of the facts asserted therein is generally not sufficient to oppose a motion for summary judgment, it is sufficient if it is based on documentary evidence in the attorney's possession" (Cerulean Land Developers Corp. v Colon Dev. Corp., 144 AD2d 615, 616 [2d Dept 1988]). Similarly, here, while Frankel does not have personal knowledge of the facts asserted within the deed and leases, it is sufficient to support Defendant's motion to dismiss as it is supported by documentary evidence, namely the notarized deed and leases obtained from ACRIS.
In the similar case of Robinson v Exec. Assoc. N. I, L.L.C. (2020 NY Slip Op 34643[U], *1 [Sup Ct, Rockland County 2020]), the Court granted defendant's motion to dismiss upon finding that the defendant there "provided sufficient documentary evidence to resolve all issues of triable fact as to their potential liability in [the] action as a matter of law." The Court there found that the certified and notarized deed along with supporting documents collectively and conclusively established that the defendant did not own, manage, supervise, operate, control, or make special use of the subject premises (id.). Here, Defendant provides sufficient documentary evidence — the deed and leases — in support of its motion to dismiss pursuant to CPLR 3211 (a) (1) and (7).
Even more significantly, the First Department held earlier this year that a court may take judicial notice of documents posted on ACRIS:
30 Warren established its prima facie entitlement to summary judgment dismissing the action as against it by submitting evidence that on the date of plaintiff's accident, it did not own any part of the premises where the accident occurred (see Oseguera v Lincoln Props. LLC, 147 AD3d 704, 704 [1st Dept 2017]). Despite plaintiff's position otherwise, the affidavit of 30 Warren's sole member, in which he states that 30 Warren purchased a single apartment in the premises three months after plaintiff's accident, is not conclusory. On the contrary, the affidavit was supported by a copy of the deed corroborating the date of the purchase. Plaintiff's argument that the deed was inadmissible to support 30 Warren's prima facie showing because it was uncertified is improperly raised for the first time on appeal, and we decline to review it (see Charest v K Mart of NY Holdings, Inc., 71 AD3d 471, 471 [1st Dept 2010]). In any event, the copy of the deed that 30 Warren relied on was downloaded from the Automated City Register Information System (ACRIS), and this Court may take judicial notice of ACRIS records (see HSBC Bank USA, N.A. v Santos, 185 AD3d 475, 478 n 2 [1st Dept 2020]).
Likewise, this Court accepts as properly authenticated the deed to 218-35 Hempstead which was recorded on ACRIS. The ACRIS website "is of sufficient authenticity and reliability that it may be given judicial notice" (Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 20 [2d Dept 2009]).
Informal Judicial Admissions
Plaintiff's second contention is that in a prior suit against Defendant, Johnson v Queens Vil. [*4]Mgt. Corp. (Index No. 727597/2021 [Sup Ct, Queens County]), Defendant made a judicial admission in their answer admitting ownership of the subject property at 218-35 Hempstead. Contained in Plaintiff's Exhibit A in support of opposition to the within motion are the complaint and answer in the Johnson case. Plaintiff Johnson alleged, in paragraph 4 of her complaint, "That at all times herein mentioned, the defendant QUEENS VILLAGE MANAGEMENT CORP. was the owner of the premises located at 218-35 Hempstead Avenue, Queens Village, New York" (NYSCEF Doc No. 30 at 2). The answer of Defendant therein (Defendant herein) to the complaint admitted to ownership of 218-35 Hempstead in paragraph 4 of the document: "Answering defendant admits the allegations as stated in the corresponding paragraph of the plaintiff's Complaint" (id. at PDF 9).
In his affirmation in opposition, Plaintiff provides case law to support the application of a judicial admission in a prior action against a defendant in a current action. However, Plaintiff cites to cases that stand for the proposition that a party's pleadings constitute formal judicial admissions which are conclusive only of the facts admitted in the action in which they are made (see GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 551 [2d Dept 2014]; Zegarowicz v Ripatti, 77 AD3d 650, 653 [2d Dept 2010]; Figueiredo v New Palace Painters Supply Co., Inc., 39 AD3d 363, 364 [1st Dept 2007]; Falkowski v 81 & 3 of Watertown, Inc., 288 AD2d 890, 891 [4th Dept 2001]). Therefore, these cases do not support Plaintiff's argument.
Plaintiff correctly points out that Defendant's judicial admission in Johnson is conclusive of the facts admitted in the action in which they are made. However, Plaintiff fails to identify the additional proposition in the existing case law that statements incidentally admitted at trial or in legal documents in another judicial proceeding such as those made at depositions, a bill of particulars, affidavit, or as in this case, a verified answer, are informal judicial admissions that are not conclusive but merely evidence of the fact admitted (see Kegg v Truck-Rite Distrib. Sys. Corp., 84 Misc 3d 564, 576 [Sup Ct, Kings County 2024], citing Prince, Richardson on Evidence § 8-219 [formal judicial admission in one action may become informal judicial admission in evidentiary sense in later action]).
Plaintiff's counsel argues that as a matter of judicial estoppel, Defendant must be bound to its admission in Johnson. The doctrine of judicial estoppel stands for the general proposition that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him" (Davis v Wakelee, 156 US 680, 689 [1895]).
In Archer v Beach Car Serv., Inc. (180 AD3d 857, 861 [2d Dept 2020], quoting Bihn v Connelly, 162 AD3d 626, 627 [2d Dept 2018]), the Court noted that judicial estoppel is limited to "only where the party secured a judgment in his or her favor in the prior proceeding." As the Johnson action is still ongoing, Defendant cannot be said to have secured a judgment in its favor in the prior action. Therefore, the admission made in Johnson is decisively informal in nature and possesses an evidentiary, non-conclusive status.
Case law regarding the weight of prior judicial admissions is well established in New York. The New York State Court of Appeals has long held that prior judicial admissions "do not furnish conclusive evidence of the facts admitted, unless they were made under such circumstances as to constitute an estoppel, or were made in the pleadings in an action, when they are conclusive in that action" (Cook v Barr, 44 NY 156, 158 [1870]). Due to its inconclusive nature, parties against whom an informal judicial admission is sought to be applied may controvert the substance of the admission. Cases in which informal judicial admissions have been given conclusive effect have consistently involved the failure of parties to controvert the informal judicial admission (see Matter of Union Indem. Ins. Co. of NY, 89 NY2d 94, 104 [1996] [reinsurers were entitled to summary judgment due [*5]to liquidators' failure to sufficiently contradict informal judicial admission against them]; Saltzman v Liebman, 63 AD2d 621, 621 [1st Dept 1978] [finding in favor of the plaintiff for summary judgment where defendant raised no controverting evidence of probative value against an informal judicial admission]).
Defendant in the case at bar sufficiently contradicts the informal judicial admission by supplying presumptively conclusive documentary evidence in the form of the deed and leases obtained from ACRIS, which evidence ownership in another entity: Lamarion Holding Corp. Furthermore, during arguments on this motion, Defendant's counsel disavowed the admission made in the Johnson action as "stupid" and not indicative of Defendant's actual position regarding its non-ownership of 218-35 Hempstead, the property adjacent to where Plaintiff fell.
Furthermore, 2 New York Trial Guide § 40.30 (2025) provides that "a statement made as an allegation in a pleading should not be admitted into evidence against the party if it has, under the circumstances, insufficient probative value. In Collins v. Caldor of Kingston, Inc. (73 AD2d 708 [3d Dept 1979]), a products liability case, the Third Department affirmed the Supreme Court's determination to deny admission into evidence of a third-party complaint of the defendant alleging the unsafe nature of a product that it sold. In its decision, the Appellate Division stated, "[The] allegation in the unverified third-party complaint and Caldor's denial that the gun was unsafe and not of merchantable quality in its answer to plaintiff's complaint are obviously contradictory. As such, however, they do not constitute admission of fact by Caldor which may be admitted into evidence, but rather they are merely inconsistent pleadings which are not permissible" (id. at 709).
In this instance, the fact of ownership of 218-35 Hempstead reposing in Lamarion Holding Corp. set forth in the notarized deed contradicts the informal judicial admission from the Johnson action. It denudes the informal judicial admission of probative value, thereby precluding its consideration. Acknowledging ownership of 218-35 Hempstead in the prior action constituted an error on the part of the draftsman of the answer. Regardless of whatever consequence this error has in the prior action, this Court should not permit the error to taint the proceedings in the instant case. Other than this error, there is nothing else from Plaintiff which would otherwise support its contention that Defendant, rather than Lamarion Holding Corp., owns 218-35 Hempstead. Moreover, Defendant submitted the affirmation of Baruch Frankel, its vice president, attesting that "Defendant has never had any relationship whatsoever to 218-35 Hempstead" (NYSCEF Doc No. 24 ¶ 7).
Further Discovery
Plaintiff's final contention is that there is a need for further discovery to properly oppose the motion. However, discovery would only substantiate that Defendant does not own the subject property. It would be a waste of judicial resources and Defendant's time to subject Defendant to further litigation in the action at bar. Had Plaintiff conducted a parcel search of the subject property, Plaintiff would have found from publicly available documents that Lamarion Holding Corp. is the actual owner of 218-35 Hempstead. Therefore, Defendant should not be forced to bear the costs of litigation due to Plaintiff's failure to exercise due diligence before bringing suit against Defendant.
Conclusion
The unusual present posture of this action emanates from Plaintiff's failure to conduct a simple parcel search on ACRIS after being told by Lamarion Holding Corp. that they are not owners of the subject property (as related by Plaintiff). As stated above, had Plaintiff conducted such a search, he would have immediately seen that Lamarion Holding Corp. is the owner of 218-35 [*6]Hempstead Avenue.
When moving for dismissal pursuant to CPLR 3211 (a) (1), the motion will only be granted "if the party submits documentary evidence that utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the causes of action as a matter of law" (Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d 996, 997 [2d Dept 2018]). 
While a defendant is permitted to submit evidentiary material in support of a motion to dismiss pursuant to CPLR 3211 (a) (7), "[i]f the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). "Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275).
It is eminently clear that Defendant Queens Village Management Corp. neither owns nor manages the property adjacent to where Plaintiff fell. No significant dispute can exist regarding this. The submitted documentary evidence utterly refutes the factual allegations of Plaintiff in terms of ownership and operation of 218-35 Hempstead Avenue.
Accordingly, it is hereby ORDERED as follows:
Defendant's motion to dismiss based upon documentary evidence and failure to state a cause of action against Defendant pursuant to CPLR 3211 (a) (1) and (7) is GRANTED. Plaintiff's complaint is DISMISSED.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Johnson v Queens Vil. Mgt. Corp., Index No. 727597/2021 (Sup Ct, Queens County), pending as of July 12, 2025.